Xu v. Sessions

BIA
Vomacka, IJ
A205 033 972

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand eighteen.

PRESENT:
    ROSEMARY S. POOLER,
    REENA RAGGI,
    PETER W. HALL,
        *Circuit Judges.*

_____

YINGAI XU,
        *Petitioner,*

    v.                                                      15-4137
                                                            NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Yingai Xu, Monterey Park, C.A.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Julie M.
                         Iversen, Senior Litigation Counsel;
                         Sergio Sarkany, Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED IN PART and DENIED IN PART.

Petitioner Yingai Xu, a native and citizen of China, seeks review of a December 11, 2015, decision of the BIA affirming a June 19, 2014, decision of an Immigration Judge ("IJ") denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yingai Xu*, No. A205 033 972 (B.I.A. Dec. 11, 2015), *aff'g* No. A205 033 972 (Immig. Ct. N.Y. City June 19, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented and modified by the BIA (i.e., including the BIA's additional corroboration analysis, but excluding the IJ's inconsistency finding regarding Xu's pants). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). We have liberally construed Xu's pro se brief

2

as raising the strongest arguments it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

## I.   Asylum

An asylum application must be filed within one year of an applicant's arrival in the United States, absent changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(2)(B), (D). We generally lack jurisdiction to review the denial of asylum as untimely; however, we have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Xu's argument that the agency should have credited her account of her arrival in the United States and her explanation for the lack of any travel documents does not raise a constitutional claim or question of law. Credibility findings are factual and not subject to review in this context. *Cf. Xiu Xia Lin*, 534 F.3d at 165. We therefore dismiss Xu's petition as to her asylum claim for lack of jurisdiction.

## II.  Withholding of Removal and CAT Relief

The governing REAL ID Act credibility standard provides that the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the "plausibility of

3

[her] account," and inconsistencies in her statements and other record evidence "without regard to whether" those inconsistencies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supported the agency's determination that Xu was not credible.

First, the agency reasonably based the credibility determination on the inconsistency between Xu's testimony and her asylum application regarding how she discovered her pregnancy. *See Xiu Xia Lin*, 534 F.3d at 163-64, 167. Xu stated in her application that she became sick and vomited after breakfast one day, and then went to a nearby clinic where a doctor confirmed her pregnancy. Xu testified, however, that she

4

did not go to see a doctor. Instead, she testified that she suspected she was pregnant when she missed her period and then confirmed her pregnancy with a home pregnancy test from the pharmacy. When confronted with the discrepancy, Xu explained that she also saw a doctor at the pharmacy. But the IJ was not compelled to accept this explanation because it did not resolve Xu's inconsistent testimony, and it was inconsistent with Xu's prior testimony that there was only a pharmacist at the pharmacy who might have suspected she was pregnant because she bought the home pregnancy test. *See Majidi*, 430 F.3d at 80.

Second, the agency reasonably relied on the implausibility of Xu's testimony about the Korean alias on her asylum application (Kim, Hae Lee). *See Xiu Xia Lin*, 534 F.3d at 163-64, 167. Xu was asked whether she ever used the last name "Kim," and she responded that she did not think so. When asked again, Xu stated that she could not recall. Finally, when asked if Kim was the name on the Korean passport she had used to enter the United States, Xu responded: "Yes, I think it's possible." Certified Administrative Record ("CAR") at 177-78. The agency reasonably found this testimony implausible because Xu had worked as a Korean language tutor and should have been able to remember the identity she assumed while traveling through

5

various countries in Europe and attempting to enter the United States. *See Xiu Xia Lin*, 534 F.3d at 167.

Third, the agency reasonably based the credibility determination on the IJ's observations of Xu's demeanor. *See id.* at 163-64, 167. "[D]emeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006), and we therefore "give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor," *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Here, the IJ found that Xu gave many hesitant or self-contradictory answers, seemed to be reluctant to make definite statements, had trouble remembering basic facts and details about her case, and often had to be prompted. As one example, the IJ noted that he had to question Xu repeatedly before she identified the documents that she claimed were in her former attorney's possession. This finding is supported by the record, and we therefore give it deference. *See Xiu Xia Lin*, 534 F.3d at 167; *Jin Chen*, 426 F.3d at 113.

Finally, the IJ agency reasonably relied on Xu's lack of corroborating evidence in assessing her credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An

6

applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ correctly observed that Xu did not submit any corroborating evidence beyond identification documents, and Xu does not claim that the agency erred in finding this evidence insufficient to rehabilitate her credibility. Instead, she contends that the IJ erred by failing to provide notice of her need to submit specific pieces of corroborating evidence. However, Xu's argument conflates corroboration in the adverse credibility context with the denial of a credible claim for failure to submit reasonably available corroborating evidence. *See* Petitioner's Br. at 14 (citing 8 U.S.C. §§ 1158(b)(1)(B)(ii); *compare Biao Yang*, 496 F.3d at 273 (explaining "the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question") *with* 8 U.S.C. §§ 1158(b)(1)(B)(ii)(explaining corroboration may not be necessary "if the applicant satisfies the trier of fact that the applicant's testimony is credible," among other requirements), 1252(b)(4). Although Xu testified that she had a fine notice and a fine receipt (but did not submit them because

7

her former attorney in Los Angeles had them) and a letter from her parents corroborating her forced abortion (but did not submit it because she did not think it was evidence), the agency did not deny relief because Xu did not submit this evidence; it merely considered the absence of this evidence in assessing Xu's credibility. In any event, the IJ was not obligated to list each document required to establish a successful claim because "[a]n alien applying for relief or protection from removal has the burden of proof." 8 U.S.C § 1229a(c)(4)(A); *cf. Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("While [the Court] ha[s] sometimes remanded a case if the IJ failed to explain his reliance on a lack of corroborating evidence, the alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Given the agency's foregoing demeanor and inconsistency findings, and its reasonable consideration of Xu's corroborating evidence, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. A reasonable adjudicator would not be compelled to conclude otherwise. *Id.* The credibility finding is dispositive of withholding of removal and CAT relief because both claims are based on the same factual predicate. *See Paul*

8

*v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). We therefore deny the petition as to withholding of removal and CAT relief.

For the foregoing reasons, the petition for review is DISMISSED IN PART and DENIED IN PART. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk